DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John Svenson, appeals from a judgment of the Medina County Court of Common Pleas that found that appellee, Ismael Noguez, was Svenson's employee and was entitled to participate in the workers' compensation fund. We affirm.
 {¶ 2} On June 24, 2003, Noguez seriously injured his arm and toe when he fell from a ladder. He filed a claim for workers' compensation benefits, alleging that he had been injured in the course and scope of his employment with Svenson. Although the Bureau of Workers' Compensation initially allowed the claim, the claim was disallowed on administrative appeal. The disallowance of the claim was due to a finding that Noguez was an independent contractor at the time of his injury and, therefore, was not entitled to workers' compensation benefits.
 {¶ 3} On February 10, 2004, pursuant to R.C. 4123.512, Noguez filed a complaint in the Medina County Court of Common Pleas, seeking a determination that he was entitled to participate under the workers' compensation fund. The sole issue to be determined in the trial court was whether Noguez was an employee of Svenson or an independent contractor at the time of his injury.
 {¶ 4} The issue was tried to a jury, which concluded that Noguez was an employee of Svenson at the time of his injury. The trial court entered judgment accordingly, ordering that Noguez was entitled to participate in the workers' compensation fund for his arm and toe injuries. Svenson appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court erred in excluding all evidence of the parties' employment agreement."
 {¶ 5} Svenson contends that the trial court abused its discretion by excluding all evidence pertaining to the parties' understanding of their working relationship, which included their verbal agreement, Noguez's income tax returns for 1997 through 2002, and certain letters to the Ohio Department of Job and Family Services.
 {¶ 6} Despite Svenson's argument to the contrary, the trial court did not preclude all evidence of the parties' understanding of their relationship. Over the objection of Noguez, the trial court allowed counsel to question Svenson about the agreement he had with Noguez that Noguez would work for him as an independent contractor, not an employee. Beyond that, however, the trial court determined that it would not allow questioning of Svenson pertaining to "taxes, Workers' Comp and 1099[.]" From that brief evidentiary ruling, Svenson has developed a 15-page argument, explaining how the trial court abused its discretion by excluding those items of documentary evidence. Although the parties apparently are familiar with the content of these documents, they were never made a part of the trial court record.
 {¶ 7} Evid.R. 103(A) (2) provides that "[e]rror may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Svenson did not proffer these documents, nor did he attempt to describe the contents of the evidence he was attempting to get before the jury. Consequently, he may not predicate error on the exclusion of this evidence.
 {¶ 8} Moreover, although Svenson makes several arguments on appeal as to why this evidence should have been admitted, he failed to raise most of these arguments before the trial court. For example, at one point during trial, the trial court questioned why these hearsay documents were admissible and even called a recess so that Svenson could review the hearsay rules. Upon the resumption of trial after the recess, Svenson's counsel indicated that she had been unable to find an applicable hearsay exception. Although Svenson argues on appeal that the documents should have been admissible as prior inconsistent statements, he raised no such argument below. Svenson fails to demonstrate that the trial court abused its discretion by failing to correctly rule on an argument for admissibility that had not been raised.
 {¶ 9} Because Svenson failed to preserve this issue for appellate review, the assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Carr, J. Boyle, J. concur.
Slaby, P.J. dissents.